IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

GEORGE E. TRAWEEK,

    PLAINTIFF,

vs.                                                      CASE NO. CV-03-J-239-J

CITY OF FAYETTE, et al.,

    DEFENDANTS.

## MEMORANDUM OPINION

*Ex mero motu*, the court does withdraw its Order of February 18, 2003 (doc. 5), denying defendant Johnny Fulmer's motion to remand (doc. 4).

The court has reconsidered the defendant Johnny Fulmer's motion to remand and finds as follows:

The defendant City of Fayette removed this action from the Circuit Court of Fayette County, Alabama, asserting this court has original jurisdiction of this action because the plaintiff seeks relief under 42 U.S.C. § 1983 and 42 U.S.C. § 1985. Notice of Removal at ¶ 3.

Defendant Fulmer then filed the motion to remand in question, asserting that he does not consent to the removal of this action. Motion for remand at ¶ 3. The court finds it lacks jurisdiction for the failure of all served defendants to join in the removal. 28 U.S.C. § 1446(b). The procedure for removal under 28 U.S.C. § 1446 requires the



"defendant or defendants desiring to remove a civil action ... [to] file ... a notice of removal." Thus, when there are multiple defendants, all must timely join in the removal. This "unanimity requirement" mandates that in cases involving multiple defendants, all defendants must consent to removal. *Russell Corporation v. American Home Assurance Co.*, 264 F.3d 1040, 1044 (11th Cir.2001), citing *Chicago R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 247-48, 20 S.Ct. 854, 44 L.Ed. 1055 (1900). Based on the failure of all defendants to join in the removal, the court is of the opinion this action must be remanded.

The court further finds that the notice of removal states this case is being removed "within thirty (30) days of when the case was first removable." The court questions whether this removal is timely, as defendant City of Fayette asserts the removal is based on plaintiff's claim under 42 U.S.C. § 1983 and/or 42 U.S.C. § 1985, which appeared in the complaint, filed on December 23, 2002. No evidence of when defendant City of Fayette was first served with the complaint has been provided to the court. Rather, the City of Fayette seems to rely on the state court's denial of defendant Fulmer's motion to dismiss on January 22, 2003 as when the case "was first removable." Notice of Removal at ¶¶ 1-2. Given the City of Fayette's reliance on the claims in the complaint to create jurisdiction in this court, the state court's denial of different defendant's motion to dismiss could not be an "order or other paper from

2

which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). However, given the court's determination that the defendants have failed to satisfy the rule of unanimity, the court does not decide the question of whether the removal is timely.

The court having considered the foregoing and finding that this case has been improvidently removed, the court shall remand this action to the Circuit Court of Fayette County, Alabama by separate Order.

**DONE** this the ___26___ day of February, 2003.

_____
INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE